# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JENNIFER SCHMELZER | § | |
| | § | CASE NO. 4:16-CV-389 |
| v. | § | Judge Mazzant |
| | § | |
| NATIONSTAR MORTGAGE, LLC, and | § | |
| DEUTSCHE BANK NATIONAL TRUST | § | |
| COMPANY, AS TRUSTEE FOR GSR | § | |
| MORTGAGE LOAN TRUST 2007 OA1, | § | |
| MORTGAGE PASS-THROUGH | § | |
| CERTIFICATES, SERIES 2007-OA1 | § | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion to Remand (Dkt. #9). Having considered the relevant pleadings, the Court is of the opinion that this motion should be denied.

## BACKGROUND

Plaintiff Jennifer Schmelzer filed a civil action in the Probate Court of Denton County, Texas, against Defendant Nationstar Mortgage, LLC ("Nationstar") and Deutsche Bank National Trust Company, as Trustee for GSR Mortgage Loan Trust 2007-OA1, Mortgage Pass-Through Certificates Series 2007-OA1 ("Deutsche Bank"). Plaintiff seeks a declaratory judgment that, because her loan has been accelerated for more than four years, the Deed of Trust lien and power of sale as part of a mortgage loan are void pursuant to Tex. Civ. Prac. & Rem. Code § 16.035(b). Plaintiff asserts if she is granted declaratory relief, any mortgagee or mortgage servicer would be precluded from administering a foreclosure action resulting in judicial or non-judicial foreclosure sale of the property. Plaintiff further asserts, upon information and belief, that Deutsche Bank is the mortgagee, and Nationstar is its loan servicer.

On February 21, 2007, Plaintiff executed a Promissory Note in the original amount of

$488,000 payable to Countrywide Bank, N.A. ("Countrywide") for real property located at 11763 Coronado Trail, Frisco, Texas 75034. Plaintiff also executed a Deed of Trust granting a lien against the property in favor of Countrywide to secure repayment of the Note. The Note and Deed of Trust were assigned to Deutsche Bank, which is the current mortgagee of the Deed of Trust.

On December 6, 2011, Plaintiff filed suit against Bank of America, N.A. ("BANA"), the mortgage servicer of the loan at the time, seeking to prevent a foreclosure sale scheduled the same day. Over four years later, Plaintiff filed notice non-suiting her claims against BANA, and the court dismissed the previous lawsuit by order dated January 7, 2016.

On October 6, 2014, Plaintiff filed a Chapter 13 bankruptcy petition to prevent a foreclosure sale scheduled the next day. Plaintiff's bankruptcy case was ultimately dismissed, as a result of her failure to file a Chapter 13 plan, by order dated March 25, 2015. Plaintiff filed the present lawsuit seeking to prevent the foreclosure sale of the property scheduled for June 7, 2016.

Deutsche Bank filed its Notice of Removal (Dkt. #1). Deutsche Bank asserts that this Court has diversity jurisdiction because Nationstar is a nominal party, and thus, the joining of Nationstar should not destroy diversity jurisdiction.

Plaintiff filed a motion to remand (Dkt. #9). Deutsche Bank filed a response (Dkt. #11) and Plaintiff filed a reply (Dkt. #13).

It is undisputed that Plaintiff and Deutsche Bank are diverse, and that the amount in controversy exceeds $75,000. The only question is whether Nationstar is a nominal party, allowing the Court to disregard Nationstar being a citizen of Texas.

## LEGAL STANDARD

A defendant may remove any civil action from state court to a district court of the United

States which has original jurisdiction. 28 U.S.C. § 1441. District courts have original jurisdiction over all civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Weaver v. Zurich Am. Ins. Co.*, No. Civ. A. H–10–1813, 2010 WL 3910053, at *1 (S.D. Tex. Oct.1, 2010). The removal statute must "be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). A district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Groupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004).

"[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). "Whether a party is [formal or] 'nominal' for removal purposes depends on 'whether, in the absence of the [party], the Court can enter a final judgment consistent with equity and good conscience, which would not be in any way unfair or inequitable....'" *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) (quoting *Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen & Assistants Local 349*, 427 F.2d 325, 327 (5th Cir. 1970)). Nominal parties are not required to join in the removal petition, and joinder is also not required when defendants have not been served at the time of removal. *Farias v. Bexar County Bd. of Trs. for Mental Health Retardation Servs.*, 925 F.2d 866, 871 (5th Cir. 1991).

"To establish that non-removing parties are nominal parties, 'the removing party must show

... that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court.'" *Farias*, 925 F.2d at 871 (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A Dec. 1981)).

"An alternate articulation of the test is whether or not a named party's 'role in the law suit is that of a depositary or stakeholder.' " *La. v. Union Oil Co. of Cal.*, 458 F.3d 364, 367 (5th Cir. 2006) (citing *Tri–Cities Newspapers, Inc.*, 427 F.2d at 327). The Court takes "practical considerations into account in making this determination ." *Id.* at 367. The Court's analysis is not "dependant on how the plaintiff labels its complaint, but rather on the practical effect of a judgment on a given defendant." *In re Beazley Ins. Co.*, No. 09–20005, 2009 WL 7361370, at *4 (5th Cir. May 4, 2009) (citing *Union Oil Co.*, 458 F.3d at 367). The result of the analysis will depend "on the facts in each case." *Tri–Cities Newspapers, Inc.*, 427 F.2d at 327 (citing *Boeing Airplane Co. v. Aeronautical Indus.*, 91 F. Supp. 596 (W.D.Wash.1950)). "The bottom line concern in determining a nominal party is whether the plaintiff can establish a cause of action against the non-removing [or non-diverse] defendant in state court." *Farias*, 925 F.2d at 872. "The question of whether a named defendant is a nominal party depends on the facts in each case," and the Court must "look to whether a party was nominal at the time of removal rather than considering any subsequent events." *In re Beazley Ins. Co.*, 2009 WL 7361370, at *4 (5th Cir. May 4, 2009).

Some courts have noted that the inquiry is the same as the improper joinder analysis. *See, e.g., S. Lavon Evans, Jr. Drilling Venture, LLC v. Laredo Energy Holdings, LLC*, Civ. A. No. 2:11–CV– 12, 2011 WL 1104150 at *4 n. 2 (S.D. Miss. March 23, 2011) ("The two analyses appear to be substantially identical."). "When assessing whether diversity jurisdiction exists, a court must disregard non-diverse citizenship of an improperly joined defendant." *Doucet v. State Farm Fire*

4

*and Cas. Co.*, No. 1:09–CV–142, 2009 WL 3157478, at *4 (E.D. Tex. Sept. 25, 2009) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572–73 (5th Cir. 2004)). A defendant who contends that a non-diverse party is improperly joined has a "heavy" burden of proof. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (citation omitted). "In making its determination, the court must ordinarily evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Green*, 707 F.2d at 205.

"The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Great Plains Trust*, 313 F.3d at 312 (quoting *Green*, 707 F.2d at 205). After the Court resolves all disputed questions of fact and all ambiguities in controlling state law in favor of the plaintiff, the Court determines whether the plaintiff has any possibility of recovery against the party whose joinder is questioned. *Id.* (citation omitted). If there is a reasonable basis for predicting that the state law might impose liability on the facts of the case, then there is no fraudulent joinder. *Id.* (citation omitted). This possibility must be reasonable and not just theoretical. *Id.*

"A district court should ordinarily resolve [claims of] improper joinder by conducting a Rule 12(b)(6)-type analysis." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 n.6 (5th Cir. 2005); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). "[I]f a plaintiff can survive a Rule 12(b)(6)-type challenge, there is generally no improper joinder." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005) (citation omitted); *Smallwood*, 385 F.3d at 573. The Court, however,

must carefully distinguish an attack on the overall merits of the case from a showing that defendants were improperly joined in order to defeat diversity. *See Smallwood*, 385 F.3d at 573; *see also Gasch* 491 F.3d at 284. However, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). There are cases in which a further summary inquiry is appropriate to "identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74; *Guillory*, 434 F.3d at 311.

"In evaluating a claim of fraudulent joinder, we do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff may do so." *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir. 1997); *see Guillory*, 434 F.3d at 308-09. "If that possibility exists, a good faith assertion of such an expectancy in a state court is not a sham…and is not fraudulent in fact or in law." *B., Inc*, 663 F.2d at 550 (citation omitted). "If there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved,' then there is no fraudulent joinder," and the case must be remanded for lack of diversity. *Great Plains Tr.*, 313 F.3d at 312 (citation omitted); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res. Inc.*, 99 F.3d 746, 751 (5th Cir. 1996).

## ANALYSIS

The question for the Court is whether Deutsche Bank has shown that Plaintiff has *no possibility* of establishing a valid cause of action against the non-diverse defendant, Nationstar. The Court decides this question looking at the Original Petition on file at the time of removal.

First, the Court must decide which standard to apply in the examination of Plaintiff's state court petition. The Fifth Circuit recently clarified that the federal pleading sufficiency standard

6

applies to analyzing improper joinder. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016).

Deutsche Bank asserts that Nationstar is a nominal party because its presence in this lawsuit has no practical effect on a potential judgment granting the relief sought by Plaintiff. Deutsche Bank argues that Plaintiff only seeks declaratory relief to preclude foreclosure, and that it is the mortgagee of the Deed of Trust and is the only party whose ownership interest in the loan is implicated by Plaintiff's request for relief. Deutsche Bank's Notice of Removal asserts that Nationstar is the mortgage servicing agent for Deutsche Bank, against whom no wrongdoing is attributed or claimed.

Plaintiff asserts that Nationstar, the current loan servicer, is granted broad discretion by agreement with the mortgagee, as well as under Texas law. Plaintiff asserts that this discretion is especially broad in a loan servicer's actions in acceleratiing of a loan and administering a foreclosure. Plaintiff further asserts that numerous courts have held that a mortgagee's loan servicer is a real party in interest, with standing to conduct the legal affairs of the investor of the debt it services. Plaintiff points the Court to Texas statutes that permit mortgage servicers to undertake a host of actions related to a loan. Specifically, Plaintiff cites that a loan servicer handles all of the day-to-day activities of a mortgage loan, including collecting and applying payments, answering mortgagor questions, responding to Qualified Written Requests under RESPA, sending notices and monthly statements, and administering foreclosure proceedings. Plaintiff argues that Nationstar, as the current loan servicer who is attempting to foreclose, is not a nominal party, but a necessary party, and because Nationstar is a citizen of Texas, the parties are not completely diverse, and the Court lacks subject-matter jurisdiction over this lawsuit.

The Court agrees with Plaintiff's general citations of the various duties that a loan servicer may undertake in carrying out its duties to the parties. It is uncontested that Nationstar, as the current mortgage servicer, has statutory authority to act on behalf of Deutsche Bank, the mortgagee. However, the statute does not grant Nationstar the power to conduct a non-judicial foreclosure sale, because that authority comes from the agreement between the mortgagee and the property owner, which allows the servicer to act on behalf of the mortgagee.

The Court must focus its analysis on what relief Plaintiff is seeking in this case. Plaintiff has one claim. Plaintiff seeks a declaratory judgment that the Defendants are barred by the applicable statute of limitations from foreclosing on the property. Plaintiff also seeks injunctive relief. Based upon the relief Plaintiff is seeking, the Court finds that Nationstar is a nominal party. Nationstar is not a necessary party for the relief sought in this case. If Nationstar were not a party, the Court could enter a final judgment, assuming Plaintiff prevails, against Deutsche Bank, giving Plaintiff the full relief she has requested.

Although Plaintiff's motion to remand fails to cite any authority that addresses the legal standard for determining whether a defendant is a nominal party, Plaintiff does cite several cases for the prospect that a servicer is a real party in interest. *See BAC Home Loans Servicing, LP v. Tex. Realty Holdings, LLC*, 901 F. Supp. 2d 884, 909 (S.D. Tex. 2012); *Greer v. O'Dell*, 305 F.3d 1297, 1302 (11th Cir. 2002); *CWCapital Asset Mgmt., LLC v. Chicago Prop., LLC*, 610 F.3d 497, 501 (7th Cir. 2010); *ECF N. Ridge Assocs., L.P. v. ORIX Capital Mkts, L.L.C.*, 336 S.W.3d 400, 407 (Tex. App.—Dallas 2011, pet. denied). None of these cited cases address the question of whether a

servicer is a nominal party in a removal situation. Instead, the cases address whether a servicer can qualify as a real party in interest with standing to file suit in its own name.[1]

In her reply, Plaintiff does state part of the legal standard applicable to the Court's analysis: whether the plaintiff can establish a cause of action against the non-removing defendant in state court. *See Farias*, 925 F.2d at 872. Additionally, Plaintiff asserts that she could establish a cause of action against Nationstar, and Nationstar is not a nominal party. Plaintiff argues that she can maintain an action against Nationstar for any improper acts and omissions associated with the Deed of Trust lien and power of sale such as what is alleged in this case, being the acts and omissions associated with the foreclosure of a void Deed of Trust lien. The problem with Plaintiff's argument is that the petition on file at the time of removal does not support this argument. Plaintiff has no affirmative causes of actions, and only seeks declaratory and injunctive relief. Plaintiff only seeks a declaration that foreclosure is barred by the applicable statute of limitations. Based upon this request, the only required party is Deutsche Bank, the mortgagee. Based upon the relief being sought by Plaintiff, Nationstar, the servicer, is not a required party. There are also no allegations that the servicer did anything wrong other than allegedly improperly seeking foreclosure as the agent for Deutsche Bank. Based upon the facts alleged, there are no independent causes of action that would be plausible.[2]

---

[1] In *CWCapital*, the court acknowledged that the issue of whether diversity jurisdiction exists is a separate inquiry than whether the servicer is a real party in interest. *See CWCapital Asset Mgmt, LLC*, 610 F.3d at 500.

[2] Although there could be situations where a servicer could do something that would allow for an independent cause of action against a servicer, Plaintiff asserts no such claims in this case.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Remand (Dkt. #9) is hereby **DENIED,** and Nationstar Mortgage, LLC is hereby **DISMISSED**.

**SIGNED this 16th day of August, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE